UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES COUSIN,

Plaintiff,

v.

DETROIT LAND BANK AUTHORITY and TAMMY DANIELS,

Defendants.
______________________________/

Case No. 2:24-cv-11512

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING MOTION TO DISMISS [29] AND DENYING AS MOOT MOTION FOR EMERGENCY HEARING [33]**

Charles Cousin, proceeding pro se, sued the Detroit Land Bank Authority and its CEO, Tammy Daniels, over a property dispute. ECF No. 22. Cousin alleged several federal constitutional violations and various state law violations. *Id.* at PageID.142–143. Defendants moved to dismiss the complaint under Rule 12(b)(6). ECF No. 29. The Court agrees that the complaint failed to state a claim for any violation of federal law, it will decline to exercise supplemental jurisdiction over the remaining state law claims, and will deny as moot the motion for an emergency hearing, ECF No. 33.

**BACKGROUND**

Cousin purchased the property at 8941 Otsego Street in Detroit, Michigan from the Detroit Land Bank for $1,200. ECF No. 22, PageID.141, 145. According to the purchase agreement that he signed in July 2021, Cousin promised to return the

property to productive use. ECF No. 29-1, PageID.226–227.[1] But if he failed to do so "or otherwise report progress on implementation," he would be in default. ECF No. 29-1, PageID.227. In the event of a default, the Detroit Land Bank could, "in its sole discretion," "take immediate possession of the Property" as well as "enter and secure the Property." *Id.* at PageID.228. Cousin also agreed to sign a reconveyance deed that conveyed the property back to the DLBA. *Id.* at PageID.223. If Cousin breached any of his obligations, the DLBA would have authority to record the reconveyance deed. *Id.*

Thus, Cousin bought the property with a deed restriction. That restriction is reflected in the quit claim deed, dated December 8, 2021, and recorded on December 22, 2021, that conveyed the property from the DLBA to Cousin. ECF No. 22, PageID.145; ECF No. 13-1, PageID.58.

On December 17, 2021, Cousin signed a quit claim deed that reconveyed his interest in the property back to the DLBA for a dollar. ECF No. 13-1, PageID.54.[2] The

---

[1] Although Cousin did not attach a copy of the purchase agreement to the complaint, he explicitly mentioned the purchase agreement in the complaint. ECF No. 22, PageID.141. The purchase agreement defines Cousin's interest in the property and is the contract that Defendants allegedly breached. It is therefore central to the claims in the complaint, so the Court can properly consider the document. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

[2] Cousin also did not attach a copy of the quit claim deed dated December 17, 2021 to the complaint. But "[a] court may also consider 'matters of public record,' such as documents recorded with the Register of Deeds when considering a motion to dismiss under Rule 12(b)(6)." *Crofton v. Bank of Am. Home Loans*, No. 11-10124, 2011 WL 1298747, at *3 (E.D. Mich. Mar. 31, 2011) (citing *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001)); *see also Grainger, Jr. v. County of Ottawa*, No. 1:19-cv-501,

deed was not recorded by the Wayne County Register of Deeds until February 2023. *Id.*

A few months later, in July 2023, the Detroit Land Bank and Tammy Daniels allegedly boarded up the property and deprived Cousin of "access and use," without a court order. They claimed Cousin was in default because he "had not been in communication or provided updates concerning the Property." But Cousin purportedly has "a record of communications and updates" he previously sent. Later, in October 2023, after Cousin spoke up at a city meeting, Daniels allegedly retaliated against Cousin by obtaining a personal protection order against him. ECF No. 22, PageID.141.

Cousin then sued the Detroit Land Bank and Daniels for seven claims: misrepresentation, breach of contract, unauthorized action without court order, retaliation, violation of Fourteenth Amendment rights, violation of Fifth Amendment takings clause, and intentional infliction of emotional distress. *Id.* at PageID.142–143. Defendants moved to dismiss the complaint under Rule 12(b)(6). ECF No. 29.

**LEGAL STANDARD**

The Court must grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts that exceed a speculative level of plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2008)). "To survive a motion to dismiss, a complaint

---

2021 WL 790771, at *6 (W.D. Mich. Mar. 2, 2021). The Court can thus take judicial notice of the deed.

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The Court must view the complaint in the most favorable light to the Plaintiff, presume all well-pleaded factual assertions are true, and draw reasonable inferences in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (2008). The Court need not credit a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Cousin advanced multiple theories of liability under 42 U.S.C. § 1983: substantive due process, equal protection, procedural due process, First Amendment retaliation, and Fifth Amendment takings. The Court will address each theory in turn. Ultimately, Cousin failed to state a claim under § 1983 and therefore the Court will dismiss all the federal claims.

### I. Fourteenth Amendment

To begin, Cousin sued Defendants for "Violation of Fourteenth Amendment Rights" because they allegedly boarded up his property and obtained a protective order against him. Because it is unclear what kind of Fourteenth Amendment claim Cousin is trying to bring, the Court will explain why all of them fail.

*First*, if Cousin is trying to proceed on a substantive due process theory for the boarding up of his property and the protective order, the effort is improper. The Supreme Court has stressed "that substantive due process concepts are not available to provide relief when another provision of the Constitution directly addresses the type of illegal government conduct alleged by the plaintiff." *Warren v. City of Athens*,

411 F.3d 697, 706–07 (6th Cir. 2005). Here, because the Takings Clause and the First Amendment more directly govern, a substantive due process theory would be improper, especially when (as here) Cousin also brought claims for "Retaliation" and "Violation of Fifth Amendment Takings Clause." ECF No. 22, PageID.142.

*Second*, although Cousin also invoked "equal protection," he failed to state a claim for an equal protection violation. To state an equal protection claim, Cousin needed to plead some kind of disparate treatment compared to others similarly situated. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). His complaint did not mention any actions taken by Defendants that plausibly alleged any disparate treatment.

*Third*, Cousin may be trying to proceed on a procedural due process theory. To make out a procedural due process claim, he was required to "plausibly allege that '(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest.'" *Courser v. Allard*, 969 F.3d 604, 616 (6th Cir. 2020) (quoting *Women's Med. Pro. Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)).

The complaint took no issue with the signing of the reconveyance deed in December 2021, the delivery of the deed, or the recording of the deed in February 2023. *See* ECF No. 22. Rather, the complaint focused on the alleged deprivation that occurred in July 2023 when Defendants boarded up the property. *Id.*; *see also* ECF No. 31, PageID.236 ("Defendants boarded up the property and denied Plaintiff access

and use without a court order or proper notice, depriving Plaintiff of property without due process of law.").

As Defendants demonstrated, Cousin did not have any interest in the property when the DLBA allegedly boarded it in July 2023. Although Cousin may have once had an interest in the property, he lost that interest through the reconveyance deed, certainly by the time that it was recorded in February 2023—months before Defendants denied Cousin access. "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 579 (1972)). Because Cousin had already lost any interest in the property by July 2023, he was not entitled to any process before Defendants boarded it up.

II. Retaliation

Next, for the retaliation claim, Daniels invoked qualified immunity as a defense. ECF No. 29, PageID.211–212. Once defendants assert qualified immunity, the plaintiff bears "the burden of showing that defendants are not entitled to qualified immunity." *Maben v. Thelen*, 887 F.3d 252, 269 (6th Cir. 2018). Cousin thus had the burden to show, for the retaliation claim, that "(1) the officials violated his constitutional rights, and (2) that the right was clearly established at the time of the challenged conduct." *Jones v. Bottom*, 85 F.4th 805, 810 (6th Cir. 2023) (citation modified). But Cousin's response, which did not mention qualified immunity and did not cite any cases, *see* ECF No. 31, failed to carry this burden, especially with respect

to showing that he had a clearly established right. The federal retaliation claim against Daniels must be dismissed.

As for the retaliation claim against the Detroit Land Bank, Cousin did not allege that the Detroit Land Bank was involved in the personal protection order, approved of it, or otherwise condoned it in a way that would make it liable under § 1983. Thus, the federal retaliation claim against the Detroit Land Bank must also be dismissed.

III. Takings

Finally, Cousin alleged that the boarding up of his property constituted a taking in violation of the Fifth Amendment. Because Cousin lacked an interest in the property in July 2023, he cannot proceed on a takings claim.

## CONCLUSION

Because the Court "dismissed all claims over which it has original jurisdiction," it will decline to exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(3); *see Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (noting that courts "ordinarily should" decline to exercise supplemental jurisdiction and "kick the case to state court" when "federal law is not where the real action is"). Cousin is free to pursue state law theories of recovery, like breach of contract, in state court. Finally, having granted the motion to dismiss, the Court will deny the motion for an emergency scheduling conference, ECF No. 33, as moot.

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [29] is **GRANTED**. The dismissal is with prejudice to any claims under federal law, but without prejudice to any claims under state law.

**IT IS FURTHER ORDERED** that the motion for an emergency scheduling conference [33] is **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 5, 2026